IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA
CIVIL ACTION

| | |
|---|---|
| MARYANN DOTTI AND VINCENT G. DOTTI, wife/husband<br>24 Stover Park Road<br>Pipersville, PA  18947<br>**Plaintiff,**<br><br>v.<br><br>TRADER JOE'S<br>800 S. Shamrock Avenue<br>Monrovia, CA 91016<br><br>And<br><br>STANBERY DEVELOPMENT, LLC<br>a/k/a STANBERY ENGLISH VILLAGE, L.P.<br>328 Civic Center Drive<br>Columbus, OH 43215<br><br>**Defendants.** | NO.<br><br><br><br><br><br>**TRIAL BY JURY OF<br>TWELVE DEMANDED** |

## COMPLAINT

1. Plaintiffs, Maryann Dotti and Vincent G. Dotti are adult individuals residing at 24 Stover Park Road, Pipersville, Bucks County, Pennsylvania.

2. Defendant, Trader Joe's, is privately held chain of specialty grocery stores with its headquarters located at 800 S. Shamrock Avenue, Monrovia, Los Angeles County, California, 91016.

3. Defendant, Stanbery Development, LLC, a/k/a Stanbery English Village, L.P. is an Ohio corporation with a registered address of 328 Civic Center Drive, Columbus, OH 43215.

4. At all times relevant hereto, Defendant, Trader Joe's, was the owner and operator of a grocery store located at 1460 Bethlehem Pike, North Wales, Montgomery County, Pennsylvania ("the grocery store").

5. At all times relevant hereto, Defendant, Stanbery Development a/k/a Stanbery English Village, LP, was the landlord for the property leased by Trader Joes's where the subject incident occurred.

6. At all times relevant hereto, Defendant, Trader Joe's was in exclusive possession, management, and control of the grocery store, individually and through their agents and employees, who were acting within the course and scope of their employment by Defendant and in furtherance of Defendant's business.

7. At all times relevant hereto, Defendants, Trader Joe's and Stanbery Development a/k/a Stanbery English Village, LP were charged with the responsibility of maintaining the premises in adequate repair.

## Nature of the Case

8. Plaintiff brings this action for monetary damages as a result of injuries sustained by Plaintiff, Maryann Dotti, arising out of a fall that occurred on June 12, 2012 in Montgomery County, Pennsylvania.

## Jurisdiction and Venue

9. Jurisdiction is invoked pursuant to 28 U.S.C. section 1332 based upon diversity of citizenship, and the matter in controversy exceeds, exclusive of interest and costs, the sum specified by 28 U.S.C. section 1332.

10. Venue is properly within the United States District Court for the Eastern District of Pennsylvania pursuant to 28 U.S.C. section 1391 since the subject slip and fall occurred within the Eastern District of Pennsylvania.

## COUNT I

## MARYANN DOTTI V. TRADER JOE'S

### Factual Background

11. Plaintiff incorporates by reference paragraphs 1 through 10, supra, as fully as though the same were set forth herein at length.

12. On June 12, 2012, Plaintiff, Maryann Dotti, entered the grocery store, Trader Joe's on Bethlehem Pike in Montgomery County, Pennsylvania as a business invitee.

13. As Ms. Dotti was exiting the store through the sliding doors with her cart full of groceries, the wheel of her cart got stuck in the area adjacent to the bottom door molding where chunks of concrete were missing, which created holes, divots and a dangerous condition.

14. Ms. Dotti's cart began to tip over while she was gripping the handle, causing her to fall to the ground with the cart, resulting in serious injuries and damages to her right hip and leg, including a fractured right hip.

15. Defendant, Trader Joe's, owed a duty of care to all business visitors and invitees, including Plaintiff, Ms. Dotti.

16. Defendant, their agents, servants and employees, breached this duty by failing to maintain the store premises in a reasonably safe condition despite actual knowledge or reasonably apparent knowledge that said area posed an unreasonable risk of harm.

17. Defendant was negligent in its care, custody and/or control of its premises at the grocery store.

18. Defendant, their agents, servants and employees, were careless, reckless and/or negligent in the following manner:

   (a.) failing to provide a safe entrance and exit way on the premises;

   (b.) failing to keep the concrete around the door molding free from defects and from deteriorating;

   (c.) failing to properly design, construct, maintain, and/or repair its premises;

   (d.) failing to warn of dangerous condition in the entrance and exit way, which dangerous condition was not readily apparent;

   (e.) failing to render the area free from dangerous material defects;

   (f.) negligently allowing the dangerous condition to remain;

   (g.) negligently allowing the entrance and exit way to be accessible despite its dangerous condition;

   (h.) such other negligence as may be revealed during the course of discovery;

   (i.) failure to notify landlord of defects and need for repair.

19. As a direct, proximate and foreseeable result of Defendant's negligence, Plaintiff was prevented from performing personal duties and obligations.

20. As a direct, proximate and foreseeable result of Defendant's negligence, Plaintiff sustained serious personal injury, which has caused and may continue to cause Plaintiff to suffer severe emotional pain and suffering for an indefinite time into the future.

21. As a direct, proximate and foreseeable result of Defendant's negligence, Plaintiff has been obligated and may be obligated in the future to expend sums of money curing the injuries she suffered.

22. As a further result of Defendant's negligence, Plaintiff has suffered and will continue to suffer inconvenience, embarrassment, physical disfigurement, mental anguish, and loss of enjoyment of life.

**WHEREFORE**, Plaintiff, Maryann Dotti, demands judgment against the Defendant in an amount in excess of $150,000.00, exclusive of interest and costs.

## COUNT II

### MARYANN DOTTI v. STANBERY DEVELOPMENT a/k/a STANBERY ENGLISH VILLAGE, LP

23. Plaintiff, Maryann Dotti, hereby incorporates by reference the allegations of paragraphs 1 through 22 as though the same were fully set forth at length herein.

24. Defendant, Stanbery Development a/k/a Stanbery English Village, LP owed a duty of care to all business visitors and invitees, including Plaintiff, Ms. Dotti.

25. Defendant, their agents, servants and employees, breached this duty by failing to maintain the store premises in a reasonably safe condition despite actual knowledge or reasonably apparent knowledge that said area posed an unreasonable risk of harm.

26. Defendant was negligent in its care, custody and/or control of its premises at the subject site.

27. Defendant, their agents, servants, and employees were careless, reckless and/or negligent in following manner:

    (a.) failing to provide a safe entrance and exit way on the premises;

    (b.) failing to keep the door molding from deteriorating;

    (c.) failing to properly design, construct, maintain, and/or repair its premises;

(d.) failing to warn of dangerous condition in the entrance and exit way, which dangerous condition was not readily apparent;

(e.) failing to render the area free from dangerous material defects;

(f.) negligently allowing the dangerous condition to remain;

(g.) negligently allowing the entrance and exit way to be accessible despite its dangerous condition;

(h.) such other negligence as may be revealed during the course of discovery.

28. As a direct, proximate and foreseeable result of Defendant's negligence, Plaintiff was prevented from performing personal duties and obligations.

29. As a direct, proximate and foreseeable result of Defendant's negligence, Plaintiff sustained serious personal injury, which has caused and may continue to cause Plaintiff to suffer severe emotional pain and suffering for an indefinite time into the future.

30. As a direct, proximate and foreseeable result of Defendant's negligence, Plaintiff has been obligated and may be obligated in the future to expend sums of money curing the injuries she suffered.

31. As a further result of Defendant's negligence, Plaintiff has suffered and will continue to suffer inconvenience, embarrassment, physical disfigurement, mental anguish, and loss of enjoyment of life.

**WHEREFORE**, Plaintiff, Maryann Dotti, demands judgment against the Defendant in an amount in excess of $150,000.00, exclusive of interest and costs.

## COUNT III

### VINCENT G. DOTTI v. ALL DEFENDANTS

32. Plaintiffs incorporate by reference paragraphs 1 through 31, as fully as though the same were set forth herein at length.

33. As a further result of the negligence of defendants, as aforesaid, Plaintiff, Vincent G. Dotti has been, and will continue to be deprived of the society, companionship, services and consortium of his wife, Maryann Dotti all to his great loss and detriment.

**WHEREFORE**, Plaintiff, Vincent G. Dotti, demands judgment against the Defendants in an amount in excess of $75,000.00, exclusive of interest and costs.

Respectfully Submitted,

**SHELLY LAW OFFICES, LLC**

_____
CAROL A. SHELLY, ESQUIRE
70 W. Oakland Avenue, Suite 208
Doylestown, PA 18901
267-454-7940; Facsimile 267-454-7941
carol@shelly-law.com

*Attorneys for Plaintiff*

## VERIFICATION

The undersigned hereby verifies that she has read the foregoing document, and that all statements of fact contained therein are true and correct to the best of her knowledge, information and belief. The undersigned understands that false statements therein are subject to the penalties of 18 Pa.C.S. Section 4904, relating to unsworn falsification to authorities.

_____
MARY ANN DOTTI

Dated: 4/9/2013